| | |
|---|---|
| STATE OF SOUTH DAKOTA | IN CIRCUIT COURT |
| COUNTY OF CODINGTON | THIRD JUDICIAL DISTRICT |
| SARAH AND STACY STANTON,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | 14CIV _____<br><br>COMPLAINT |

Plaintiffs, for their Complaint against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), state as follows:

### THE INSUREDS AND THEIR DAMAGES

1. On August 12, 2014, Sarah Stanton was driving her car in Watertown, South Dakota, when an uninsured motorist crashed into the car Sarah was driving.

2. Sarah Stanton was injured in the crash on August 12, 2014 ("the crash").

3. Sarah Stanton sustained complex lacerations of her left kidney in the crash.

4. Sarah Stanton sustained a concussive brain injury in the crash.

5. Sarah Stanton sustained injury to her cervical spine in the crash.

6. Sarah Stanton sustained injury to her thoracic spine in the crash.

7. Sarah Stanton sustained injury to her lumbar spine in the crash.

8. Sarah Stanton sustained injury to her sacroiliac region in the crash.

9. Sarah Stanton sustained sprain or strain injuries in the area of her ribs in the crash.

10. To extricate Sarah from her car, first responders had to use the "jaws of life."

11. Paramedics transported Sarah to the Prairie Lakes Hospital Emergency Room by ambulance.

12. In the Emergency Room, Sarah complained of left upper quadrant pain that she rated as the worst pain she possibly could experience.

13. When Sarah Stanton was in the Emergency Room on August 12, 2014, Sarah was thirty-seven years old, had previously borne four children, and was familiar with pain.

14. As a result of the injuries to her kidney, Sarah Stanton sustained hemorrhaging and required blood transfusions.

15. As a result of injuries Sarah Stanton sustained in the crash, Sarah required inpatient hospital care for more than a week, including several days of intensive care in the Critical Care Unit of Prairie Lakes Hospital.

16. The professional care and treatment that Sarah Stanton has required as a result of the injuries she sustained in the crash has resulted in over forty-one thousand dollars ($41,000) of care and treatment expenses to date.

17. Besides the professional care and treatment provided for Sarah Stanton as a result of the injuries she sustained in the crash, Sarah from time to time also required home health care assistance from others, including her husband Stacy Stanton.

18. As a result of some of the injuries Sarah Stanton sustained in the crash, Sarah continues to experience symptoms including (but not limited to) weakness, fatigue, pain, anxiety, fearfulness, depressed mood, lack of joy, and difficulty with memory and recall.

19. Sarah Stanton continues to require professional care and treatment for some of the injuries she sustained in the crash.

20. Sarah Stanton is reasonably expected to incur additional expenses for future professional care and treatment of the injuries she sustained in the crash.

21. As a result of injuries Sarah Stanton sustained in the crash, Sarah was completely unable to work at her regular employment for more than eleven weeks.

22. When Sarah was able to go back to work after the crash, the injuries she had sustained in the crash required her to limit her work, such that she continued to have ongoing earnings loss.

23. As a result of injuries Sarah Stanton sustained in the crash, Sarah's lost earnings to date total more than eighteen thousand dollars ($18,000).

24. As a result of injuries Sarah Stanton sustained in the crash, her husband Stacy Stanton sustained loss of consortium, including loss of companionship, services, aid, comfort, society, and conjugal affections.

25. The motor vehicle crash on August 12, 2014 in which Sarah Stanton was injured was caused by negligence on the part of the uninsured motorist.

26. The motor vehicle crash on August 12, 2014 in which Sarah Stanton was injured was not caused by any negligence on the part of Sarah Stanton.

27. Sarah and Stacy Stanton are legally entitled to recover from the uninsured motorist the full amount of their compensatory damages resulting from the bodily injury Sarah sustained in the crash.

28. The compensatory damages that Sarah and Stacy Stanton are legally entitled to recover from the uninsured motorist include a total of at least fifty-nine thousand dollars ($59,000) in financial damages for care and treatment expenses and lost earnings to date.

29. In addition to financial damages for care and treatment expenses and lost earnings to date, the compensatory damages that Sarah and Stacy Stanton are legally entitled to recover from the uninsured motorist include:

    a. the reasonable value of any home health care services provided to Sarah by Stacy or others;
    b. the reasonable value of care and treatment that Sarah is reasonably likely to require in the future;
    c. compensation for all physical, mental, and emotional harms suffered by Sarah to date as a result of the injuries she sustained in the crash, including (but not limited to) being hospitalized for more than a week, and the mental anguish and the lack of freedom and comfort resulting from that; pain; fatigue; weakness; anxiety; fearfulness; depressed mood; lack of joy; and difficulty with memory and recall;
    d. compensation for all physical, mental, and emotional harms Sarah is reasonably likely to suffer in the future as a result of those injuries, including (but not limited to) pain; fatigue; weakness; anxiety; fearfulness; depressed mood; lack of joy; and difficulty with memory and recall; and
    e. compensation for all loss of consortium Stacy has suffered to date or is reasonably likely to suffer in the future as a result of the injuries Sarah sustained in the crash.

30. The full amount of all compensatory damages that Sarah and Stacy Stanton are legally entitled to recover from the uninsured motorist total more than one hundred and five thousand dollars ($105,000).

## THE INSUREDS' ENTITLEMENT TO UNINSURED MOTORIST BENEFITS

31. At all times relevant to this action, Sarah and Stacy Stanton were insureds under an automobile insurance policy sold by State Farm that provided uninsured motorist coverage of two hundred and fifty thousand dollars ($250,000).

32. Under the terms of the Stantons' State Farm policy, State Farm is obliged, as a result of the crash, to pay Sarah and Stacy Stanton uninsured motorist benefits equal to the lesser of either:

    a. two hundred and fifty thousand dollars ($250,000), *or*

14CIV                 4

  b. the amount by which Sarah and Stacy's total compensatory damages resulting from the bodily injuries Sarah sustained in the crash exceed twenty-five thousand dollars ($25,000).

## The Legal Claims in This Lawsuit

### Count 1 - *Breach of Contract*

33. Paragraphs 1 through 32 are incorporated by reference as if set forth again here.

34. On or about February 25, 2016, State Farm paid Sarah and Stacy Stanton uninsured motorist benefits of eighty thousand dollars ($80,000).

35. The full amount of uninsured motorist benefits to which Sarah and Stacy Stanton are entitled under their State Farm policy is in excess of eighty thousand dollars ($80,000).

36. State Farm has refused to pay Sarah and Stacy Stanton any uninsured motorist benefits beyond the eighty thousand dollars ($80,000) State Farm recently paid.

37. State Farm's failure to pay Sarah and Stacy Stanton the full amount of uninsured motorist benefits due under the State Farm policy is a breach of contract.

38. State Farm's breach of contract has caused Sarah and Stacy Stanton damages that include the loss of additional money they were entitled to be paid as uninsured motorist benefits and the loss of the use of that money from the time it was due until the time it finally is paid.

### Count 2 - *Statutory Entitlement to Attorney's Fees*

39. Paragraphs 1 through 38 are incorporated by reference as if set forth again here.

40. State Farm's failure to pay Sarah and Stacy Stanton the full amount of uninsured motorist benefits due is vexatious and without reasonable cause, such that Sarah and Stacy Stanton are entitled under SDCL §58-12-3 to recover their reasonable attorney's fees incurred in the pursuit of their policy benefits.

### Count 3 – *Breach of the Duty of Good Faith and Fair Dealing (Bad Faith)*

41. Paragraphs 1 through 40 are incorporated by reference as if set forth again here.

42. At all times relevant to this Complaint, State Farm owed Sarah and Stacy Stanton the duty of good faith and fair dealing.

43. The duty of good faith and fair dealing that State Farm owed Sarah and Stacy Stanton includes the duty to refrain from unfair or deceptive practices as defined by South Dakota law.

44. State Farm breached the duty of good faith and fair dealing it owed to Sarah and Stacy Stanton.

45. State Farm's breach of the duty of good faith and fair dealing owed Sarah and Stacy Stanton with regard to their claim for uninsured motorist benefits includes (but is not necessarily limited to):

   a. failure to reasonably investigate the claim;
   b. failure to reasonably evaluate the claim;
   c. failure to give due weight to the insured's interests;
   d. failure to promptly pay benefits due;
   e. failure to pay the full amount of benefits due;
   f. failure to acknowledge and act within thirty days upon communications with respect to the insureds' claim; and
   g. failure to provide a reasonable explanation for denial of the insured's claim for additional benefits due.

46. State Farm's breach of the duty of good faith and fair dealing caused Sarah and Stacy Stanton damages that include (but are not necessarily limited to): the expenditure of time; the expense of money; feelings of frustration, betrayal, and other emotional distress; and the loss of enjoyment of life.

47. State Farm's wrongful conduct toward Sarah and Stacy Stanton with regard to their uninsured motorist benefits claim was willful, wanton, and in reckless disregard of the

14CIV          6

rights of Sarah and Stacy Stanton, and State Farm acted with malice and oppression toward them, such that Sarah and Stacy Stanton also are entitled to punitive and exemplary damages to punish such conduct in this case and deter such conduct in other cases.

THEREFORE, Plaintiffs Sarah and Stacy Stanton request that the court enter Judgment against State Farm as follows:

1. For contractual damages to compensate Sarah and Stacy Stanton for the uninsured motorist benefits State Farm refuses to pay in the amount of $170,000 or such other amount the jury decides is just and proper, together with prejudgment interest on the amount due;

2. For attorney's fees and costs pursuant to SDCL §58-12-3;

3. For tort damages to compensate Sarah and Stacy Stanton for State Farm's breach of the duty of good faith and fair dealing, in an amount the jury decides is just and proper;

4. For punitive damages to punish State Farm's wrongful conduct toward Sarah and Stacy Stanton and to deter such conduct in other cases; and

5. For such other and further relief as the court may deem appropriate.

Dated March 3, 2016

                        TURBAK LAW OFFICE, P.C.
                        Attorneys for Plaintiffs.

                        By: *Nancy Turbak Berry* (signature)
                             Nancy J. Turbak Berry
                             26 South Broadway, Suite 100
                             Watertown, SD 57201
                             605-886-8361
                             nancy@turbaklaw.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all the issues in this action.

Dated March 3, 2016

                                      TURBAK LAW OFFICE, P.C.
                                      Attorneys for Plaintiff

By:   Nancy J. Turbak Berry
        26 South Broadway, Suite 100
        Watertown, SD 57201
        605-886-8361
        nancy@turbaklaw.com